**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Howarth, | No. CV-21-02053-PHX-SMM-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, | |
| Defendant. | |

Plaintiff commenced this civil action with a *pro se* civil complaint and an application to proceed in District Court without paying fees or costs. (Docs. 1, 2). The Court[1] will grant the application. However, the Court will dismiss the complaint for lack

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

of standing.

## I. Application to Proceed Without Paying Fees or Costs

The Court will grant Plaintiff's application to proceed in district court without paying fees or costs. 28 U.S.C. § 1915(a). Plaintiff may proceed without payment of the filing fee.

## II. Statutory Screening of *In Forma Pauperis* Complaints

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to review complaints brought by all plaintiffs who are proceeding *in forma pauperis* and must dismiss a complaint, or portion of it, if the plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

---

Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

Though General Order 21-25 requires the Magistrate Judge to prepare a Report and Recommendation, the Court deems a Report and Recommendation unnecessary in this case.

- 2 -

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's complaint will be dismissed without leave to amend because the defects in his complaint cannot be corrected.

### III. Complaint

Plaintiff names the City of Phoenix as the Defendant in his complaint. Plaintiff alleges the City of Phoenix has not adequately enforced a federal mask requirement. He further alleges he then contracted COVID-19 on a public bus because of Defendant's lack of enforcement. Plaintiff seeks $10,000,000 in damages, an injunction for the City of Phoenix to immediately enforce the federal mask mandate, and for the City of Phoenix to pay for his medical and dental bulls for rest of his life.

### IV. Dismissal of Complaint

To sustain an action in federal court, a Plaintiff must establish the three elements of constitutional standing: (1) the Plaintiff suffered an injury in fact; (2) the injury is fairly traceable to the challenged conduct of the Defendant; and (3) the injury is likely to be redressed by a favorable judicial decision. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). To be "fairly traceable" to Defendant, the injury must be causally linked to the challenged conduct and must not be "the result of misconduct of some third party not before the court." Wash. Env't Council v. Bellon, 732 F.3d 1131, 1141 (9th Cir. 2013) (citation omitted). "The line of causation between the defendant's action and the plaintiff's harm must be more than attenuated." Id. (quoting Native Vill. of Kivalina v. ExxonMobile Corp., 696 F. 3d 849, 867 (9th Cir. 2012)).

Here, Plaintiff's assertion he contracted COVID-19 on a bus under Defendant's control because Defendant failed to enforce a federal mask mandate is too speculative and attenuated to establish standing to sue in federal court. COVID-19 has spread pervasively throughout the City of Phoenix, and indeed throughout most of Arizona. Plaintiff is not on a public bus at all hours of the day every single day, and he very likely could have contracted COVID-19 from any other interaction through no fault of Defendant's. In his complaint, Plaintiff does not establish, and will not be able to establish under any standard of proof, that Defendant's alleged non-enforcement when he was on a public bus caused him to contract COVID-19. And in any event, regardless of whether the City of Phoenix did or did not adequately enforce a federal mask mandate on public buses, Plaintiff could have still contracted COVID-19 from a non-compliant individual acting on his or her own, contrary to any federal mandate and despite any local enforcement. Because Plaintiff cannot establish his alleged injury is fairly traceable to Defendant's challenged conduct, he lacks standing and this action must be dismissed. See <u>Spokeo</u>, 578 U.S. at 338.

**IT IS ORDERED** Plaintiff's application for leave to proceed in forma pauperis (doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (doc 1) is **DISMISSED** for lack of standing. The Clerk of the Court is directed to terminate this action.

Dated this 28th day of January, 2022.

_____
Honorable Stephen M. McNamee
Senior United States District Judge